**NOT FOR PUBLICATION**

FILED

NOV 3 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BEAGLE LABS, INC., a Delaware corporation; BEAGLE TECHNOLOGIES, INC., a Delaware corporation; BIG BEAGLE, INC., a Delaware corporation; RENTAL PROPERTY MANAGERS ASSOCIATION, LLC, an Alabama limited liability company; YRIG RISK RETENTION GROUP, INC., an Alabama corporation,

Plaintiffs - Appellants,

v.

APPFOLIO, INC., a California corporation,

Defendant - Appellee.

No. 26-769

D.C. No.
2:25-cv-12248-JFW-SSC

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted October 30, 2026**
Pasadena, California

Before: PAEZ, OWENS, and SANCHEZ, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Beagle Labs, Inc. ("Beagle") filed this interlocutory appeal of the district court's denial of its motion for a temporary restraining order ("TRO"), order to show cause re preliminary injunction, and order denying its motion for reconsideration of the TRO. We dismiss this appeal for lack of jurisdiction.

1. An order denying a TRO is generally not appealable under 28 U.S.C. § 1292(a)(1). *See Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). We have recognized that a denial of a TRO may be appealed in limited circumstances where denial is "tantamount to the denial of a preliminary injunction." *Env't. Def. Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980) (recognizing that the denial of a TRO may be an appealable order where the parties were provided a "full adversary hearing" and where, "in the absence of review, the appellants would be effectively foreclosed from pursuing further interlocutory relief"). We are not persuaded that the district court's denial of Beagle's motion for a TRO and motion for reconsideration meets this standard.

2. The district court's denial of Beagle's motion for a TRO and motion for reconsideration did not follow a full adversary hearing and was instead resolved on the briefing and record. Nor did the district court foreclose the possibility that Beagle could pursue interlocutory relief in the future. Rather, the district court

denied the TRO on the basis that "Beagle has failed to demonstrate a likelihood that it will suffer irreparable harm." In doing so, the district court concluded that the data Beagle needed to maintain its operations would remain accessible through alternative routes and did not reach the merits of Beagle's pleaded claims. *See Babaria v. Blinken*, 87 F.4th 963, 976 (9th Cir. 2023) (recognizing appellate jurisdiction over a TRO denial where the denial "effectively decided the merits of the case" and "rendered plaintiffs' claims moot") (citation omitted). Under these circumstances, it is not "unmistakably clear" that future applications for injunctive relief would be "futil[e]."[1] *Religious Tech. Ctr.*, 869 F.2d at 1308–09.

Accordingly, because the denial of Beagle's motion for a TRO was not tantamount to the denial of a preliminary injunction, we lack jurisdiction to consider Beagle's appeal. *See id.* at 1308.

**DISMISSED.**

---

[1] AppFolio's contention that the Northern District of California's standstill order provides a basis for appellate jurisdiction is mistaken. The standstill order operated only while the district court identified the proper venue for these proceedings. The standstill order lapsed when this matter was transferred to the Central District of California and the district court considered the merits of the TRO.